E-FILED
Tuesday, 24 August, 2021  03:07:32 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-30032 |
| | ) | |
| JEREMY BANKS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Jeremy Banks'

Motion for Release on Bond (d/e 25) (Motion).  For the reasons set forth

below, the Motion is DENIED.

## BACKGROUND

On May 5, 2021, the Grand Jury indicted Banks on one count of

possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).

Indictment (d/e 1).  On May 13, 2021, Banks appeared at his detention

hearing.  After considering the information and arguments presented at the

detention hearing, the Court ordered that Banks be held without bond.

Minute Entry entered May 13, 2021.  The Court entered an Order of

Detention (d/e 14) on May 19, 2021.  The Court found that Banks

possessed a firearm on his person when he was arrested.  He told the

officers that the firearm did not have a round in the chamber, but the clip of the firearm was loaded.  The pretrial services report proffered by the Government at the detention hearing indicated the Defendant told the arresting officers he had a gun for protection. The Court found that the evidence against Banks was strong.  The Court further found that Banks had a significant criminal history that included convictions for fleeing police, aggravated unlawful use of a weapon, resisting a police officer, and aggravated battery – great bodily harm.  Additionally, the defendant was out on bond for felony criminal damage to property and a misdemeanor domestic battery charge pending in Sangamon County Circuit Court at the time of the alleged offense.  The Court found that Banks posed a danger to the community.  The Court found that no conditions or combinations of conditions can ensure the safety of the community nor ensure the appearance of the defendant at further judicial proceedings.  <u>Order of Detention</u> ¶¶ 3-7.  Banks is currently detained at the Sangamon County, Illinois, Jail.

Banks now asks the Court to release him on bond into the custody of a third-party custodian.  Banks asks for release because a representative of the Gateway Foundation drug treatment facility determined that Banks meets the outpatient drug treatment services, and he wishes to participate

in outpatient treatment.  Motion ¶¶ 6-7, and attached Letter dated August 3, 2021 from Susan Reber of the Gateway Foundation.  Banks also asks for release because "Sangamon County Jail has been on lockdown for long periods of time which make incarceration at the facility difficult."  Motion ¶ 8.  Banks further has identified two separate individuals, each of whom are willing to act as third-party custodian and allow Banks to reside with each individual.  Banks also represents that he will be employed as a barber if released on bond.  Banks states that he is the sole provider for his family.  Defendant's Memorandum in Support of Defendant's Motion for Release on Bond (d/e 27), at 1.

The Government opposes the Motion.

## ANALYSIS

This Court may reconsider the Bond Conditions Order if information not known to Banks at the time of the detention hearing has a material bearing on the issue of whether changes in the conditions of release will reasonably assure Banks' appearance in this case and the safety of any other person in the community.  18 U.S.C. § 3142(f).  Banks has presented new information that: (1) he qualifies for an outpatient drug treatment program, (2) he has identified individuals who are willing to act as third-party custodian with whom he can reside, (3) Sangamon County Jail is

often on lockdown, (4) he will be employed if released, and (5) he is the sole support for his family.  After careful consideration, that new information of possible third-party custodians with whom Banks can reside may demonstrate the existence of a condition of release that will reasonably assure Banks' appearance in this case, but the new information does not show that conditions of release exist that will assure the safety of persons in the community.

In determining whether conditions of release will reasonably assure Banks' appearance in this case and the safety of any person in the community, this Court must consider the following factors:

**(g) Factors to be considered –** The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including-

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to

drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

The new information does not change the nature of the charge against Banks, the weight of the evidence against Banks, Banks' history and characteristics, or the nature and seriousness of the danger to the community by releasing Banks on bond.  Banks has failed to present sufficient grounds to justify modifying his conditions of release.

The Motion also notes that the Court may authorize temporary release of persons in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's

defense or for another compelling reason." 18 U.S.C. § 3142(i).  Motion ¶

5.  Banks makes no showing that temporary release is necessary to

prepare for trial or for any other compelling reason.  To the extent, Banks

seeks temporary release under § 3142(i), the request is also denied.

THEREFORE, IT IS ORDERED that Defendant Jeremy Banks'

Motion for Release on Bond (d/e 25) is DENIED.

ENTER:   August 24, 2021

s/ *Tom Schanzle-Haskins*

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE