IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 21-cr-30032 |
| | ) |
| **JEREMY BANKS,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 22) entered on August 9, 2021 relating to a Motion to Suppress Evidence (d/e 20) filed by Defendant Jeremy Banks. Defendant filed objections to the Report and Recommendation (d/e 36). The Government filed a response to the objections (d/e 37).

In the Report and Recommendation, the Magistrate Judge recommends that this Court deny Defendant's Motion to Suppress Evidence. For the reasons set forth below, the Court OVERRULES Defendant's objections (d/e 36) and ACCEPTS and ADOPTS the

Magistrate Judge's Report and Recommendation (d/e 35) to deny Defendant's Motion to Suppress (d/e 20).

## I. BACKGROUND

The Court adopts Judge Schanzle-Hankins' Statement of Facts. A summary of the facts are below.

A hearing was held on September 1, 2021, where evidence was presented to the Magistrate Judge, including testimony from Springfield, Illinois, Police Officer Colton Redding. Officer Redding testified that on April 8, 2021, he was monitoring a Snapchat account belonging to Banks, which Officer Redding had been doing for several months along with other social media sites. At 8:01 p.m., Officer Redding saw a video on Banks' Snapchat account of a person grilling meat on a barbeque grill and what appeared to be a real semi-automatic pistol lying on a shelf located on the front of the grill. Voices are heard on the video, and Officer Redding recognized one of the voices as Banks. Officer Redding is familiar with Banks' voice due to monitoring Banks' Snapchat account and other encounters with Banks.

Officer Redding viewed the video six minutes after the video had been posted. Officer Redding knew Banks is a convicted felon.

The video was also viewed by other members of the Street Crimes Unit. Springfield Police Department records indicated that Banks lived at 1716 East Matheny Avenue, Springfield, Illinois, so officers decided to go to that house and detain Banks to investigate whether Banks had a weapon in his possession. A group of officers drove by Banks' residence and confirmed that Banks was on the porch of his residence next to a barbeque grill. The officers also confirmed that the backdrop of the Snapchat video was the same as the porch at Banks' residence. Those officers parked a block away from Banks' residence. A second group of officers met in the alley behind the residence. The first group of officers radioed the group in the back alley to say that Banks was on the porch of his residence with the grill as depicted in the Snapchat video.

The officers in the back alley approached Banks' residence from behind. Several of the officers recorded the incident on body cameras. Springfield Police Sergeant Justin Spaid stepped onto the porch to detain Banks and investigate ownership of the firearm. Sergeant Spaid was in uniform and announced, "Springfield Police." Banks pulled away and tried to enter his residence. Sergeant Spaid and Banks went through the doorway of Banks' residence into the

front room. Sergeant Spaid conducted a pat down search of Banks for weapons. Banks admitted he had a firearm on his person. Other officers conducted a security sweep of Banks' residence and found a box of ammunition in plain view in the front room and a single bullet in an upstairs bedroom. Banks was arrested for being a felon in possession of a weapon.

On May 5, 2021, a grand jury returned an indictment for Banks on one count of possession of a firearm by a felon by possessing a 9 mm semi-automatic Springfield XDE pistol in violation of 18 U.S.C. § 922(g)(1). On July 29, 2021, Banks filed the instant motion to suppress. Magistrate Judge Tom Schanzle-Haskins entered a Report and Recommendation recommending that this Court deny Banks' motion, and Banks filed objections.

## II. ANALYSIS

This Court must review de novo those portions of the Report and Recommendation to which timely objections are made. Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). This Court may "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate with instructions." Fed. R. Crim. P. 59(b)(3).

The Magistrate Judge found that the officers had a particularized objective basis for suspecting that Banks may be involved in criminal activity and reasonable suspicion to detain Banks and investigate further. Based on that, the Magistrate Judge also found that the officers could reasonably pat down Banks for officer safety. Moreover, the officers were entitled to detain Banks on his front porch to conduct an investigative stop and justified in following Banks into his residence when he tried to flee in order to complete the investigation and keep Banks from destroying evidence. Once the officers were in the home, the officers were entitled to conduct a limited sweep for other weapons for officer safety. Therefore, the Magistrate Judge found that Banks' rights were not violated. Banks objects to the Magistrate Judge's findings. After reviewing the Report and Recommendation, the Court denies the Banks' objections and adopts Magistrate Judge Tom Schanzle-Haskins' Report and Recommendation.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A traffic stop is considered a "seizure" for Fourth Amendment

purposes. United States v. Whren, 517 U.S. 806, 809-810 (1996). However, police may conduct a limited investigatory stop based on "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio, 392 U.S. 1, 21 (1968). During the investigatory stop, officers may search a person for weapons if they have reasonable, articulable belief that the person is armed for the safety of the officers. Id. at 27.

Here, Officer Redding saw a video on Banks' Snapchat account that depicted a semi-automatic pistol lying on a grill. Officer Redding heard Banks' voice on the Snapchat video as well. Officer Redding was familiar with Banks' Snapchat account from surveilling that account and other social media accounts. Based on the evidence presented, it is reasonable to believe that Officer Redding heard Banks' voice on the recording. Officers then watched the video and went to Banks' residence, which depicted the same grill and scene behind the grill as was seen in the video. The officers knew Banks was a convicted felon and should not be in possession of a firearm. The officers had particularized suspicion that Banks was engaging in criminal activity by possessing a

firearm, which justified an investigatory stop of Banks. The officers also had reasonable, articulable belief that Banks was armed based on the firearm in the video and, therefore, had reason to pat down Banks for officer safety. <u>Terry</u>, 392 U.S. at 27 ("[T]here must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.").

Banks also objects to the Magistrate Judge's finding that the officers properly conducted a limited sweep for other weapons for officer safety. Banks does not cite to any legal authority or factual basis that contradicts the Magistrate Judge's findings and legal conclusion. A de novo review of the evidence shows that the officers conducted a limited sweep for weapons, which did not go "far beyond" a protective sweep. The officers were entitled to conduct a limited sweep for weapons once Banks fled into his home.

Maryland v. Buie, 494 U.S. 325, 327 (1990) (" . . . Fourth Amendment would permit the protective sweep undertaken here if the searching officer 'possesse[d] a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant[ed]" the officer in believing,' that the area swept harbored an individual posing a danger to the officer or others.")(internal citations omitted).

### III.  CONCLUSION

For the reasons stated, Banks' objections (d/e 36) are OVERRULED.  The Court ACCEPTS and ADOTPS the Report and Recommendation (d/e 35).  The Motion to Suppress (d/e 20) is DENIED.

**ENTERED: October 21, 2021**

**FOR THE COURT:**

                *s/Sue E. Myerscough*
                **SUE E. MYERSCOUGH**
                **UNITED STATES DISTRICT JUDGE**